UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR<br>ENVIRONMENTAL RESPONSIBILITY,<br>962 Wayne Ave, Suite 610<br>Silver Spring, MD 20910<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE<br>2201 C Street, N.W.<br>Washington, DC 20520<br><br>    *Defendant*. | Civil Action No. 18-cv-1441<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of State, Office of Information Programs and Services ("State" or "Defendant"), to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. In June 2017, National Geographic reported that the United States requested that 17 U.S. biosphere reserves be removed from the official list of UNESCO World Network of

Biosphere Reserves.[1] The article states that the reporters' requests for comment went unanswered by U.S. officials concerning this removal of biosphere reserves and no press release or publicly available decision document appears to exist addressing the reasons for these removals.

4. On March 19, 2018, Plaintiff submitted a FOIA request to Defendant. This request sought (1) Any and all records identifying the rationale or basis for the U.S. decision to seek removal of these 17 biosphere reserves from the UNESCO World Network of Biosphere Reserves; and (2) Any communications between Secretary Tillerson and staff within the Bureau of International Organization Affairs concerning the removal of biospheres from the UNESCO World Network of Biosphere Reserves.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

6. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

---

[1] Adrienne Jordan, *UN Announces 23 New Nature Reserves While U.S. Removes 17*, National Geographic, June 15, 2017, http://www.nationalgeographic.com.au/nature/un-announces-23-new-nature-reserves-while-us-removes-17.aspx.

7. To date, Defendant has failed to make a determination on the request or produce any records in response to Plaintiff's March 19, 2018 FOIA request, Case Control Number F-2018-02701/F-2018-02173.

8. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to determine whether (1) State followed proper procedure and had a sufficient rationale for removing 17 biosphere reserves from the UNESCO World Network of Biosphere Reserves, and who may have influenced that decision; and (2) Secretary Tillerson had any communications with staff directing the biosphere removal.

9. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

11. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

12. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing

for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

13. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, State, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

18. On June 15, 2017, National Geographic reported that the United States requested that 17 U.S. biosphere reserves be removed from the official list of UNESCO World Network of Biosphere Reserves; a significant number as only 18 sites had been removed

by all nations combined since 1997. The article states that the reporter's requests for comment from State concerning this removal of biosphere reserves were unanswered, and no press release or decision document addressing the reasons for these removals appears to be publicly available.

19. The sites removed from the UNESCO World Network of Biosphere Reserves by the U.S. Government include Aleutian Islands National Wildlife Refuge, Beaver Creek Experimental Watershed, California Coast Ranges, Carolinian South-Atlantic, Central Plains Experimental Range, Coram Experimental Forest, Desert Experimental Range, Fraser Experimental Forest, H.J. Andrews Experimental Forest, Hubbard Brook, Konza Prairie Research Natural Area, Land Between the Lakes, Niwot Ridge Mountain Research Station, Noatak National Preserve, Stanislas-Tuolumne Experimental Forest, Three Sisters Wilderness, and the Virgin Islands. No justification has been given by State as to why these sites have been removed.

20. On March 19, 2018, as a result of concern about State's motivation for the removal, the agency's compliance with statutes and procedural regulations, and whether State had been unduly influenced by outside parties, PEER requested records concerning this matter. Specifically, PEER requested:

    a. *Any and all records identifying the rationale or basis for the U.S. decision to seek removal of these 17 biosphere reserves from the UNESCO World Network of Biosphere Reserves; and*
    b. *Any communications between Secretary Tillerson and staff within the Bureau of International Organization Affairs concerning the removal of biospheres from the UNESCO World Network of Biosphere Reserves.*

21. State sent an email confirming receipt of this request on March 19, 2018.

22. Pursuant to 5 U.S.C. 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need to extend this time limit due to unusual circumstances. *See also* 22 C.F.R. §§ 171.11((b)(4) and 171.11(g). The FOIA also provides that, upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

23. On May 18, 2018, State contacted PEER to request the timeframe of the request and provided a Case Control Number F-2018-02701. PEER replied with timeframe specifications the same day.

24. On May 29, 2018, State sent Plaintiff a letter stating that it had yet to determine whether PEER had qualified for a waiver of fees on this request and providing a different Case Control Number of F-2018-02173. PEER replied contesting the agency's delay on June 5, 2018 via email. State responded that same day but provided no timeline for its determination on Plaintiff's March 19, 2018 request or its fee waiver request.

25. Twenty working days from March 19, 2018 (the date that Plaintiff's request was received according to the agency's e-mail) was April 16, 2018. As of this June 18, 2018 filing, Plaintiff has received neither a determination on its March 19, 2018, FOIA request, nor any responsive records.

26. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its March 19, 2018 FOIA request, PEER now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

27. Plaintiff incorporates the allegations in the preceding paragraphs.

28. Defendant's failure to make a determination on Plaintiff's FOIA request or disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of State regulations promulgated thereunder, 22 C.F.R. § 171.1 *et. seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

 ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

 iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

  v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on June 18, 2018,

　　/s/ Adam Carlesco
Adam Carlesco, DC Bar # 1601121
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
acarlesco@peer.org

*Counsel for Plaintiff*